1. The report stated in pertinent part:
   I am the primary care physician for the above referenced Betty McCracken. It is my medical opinion that due to chronic and irreversible medical conditions, she is no longer safely able to operate a motor vehicle.

---

**Betty McCRACKEN, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. SD 32368.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 24, 2013.

Chris Koster, Atty. Gen., Rachel Jones, Asst. Atty. Gen., Jefferson City, for appellant.

No brief filed for respondent.

DANIEL E. SCOTT, P.J.

A physician advised the Director of Revenue that Betty McCracken, age 82, no longer could drive safely.[1] The Director notified Ms. McCracken that her driving privilege would be revoked unless she offered contrary evidence. She did not comply and her license was revoked.

She successfully petitioned the circuit court to set aside the revocation, alleging that the Director lacked "good cause" to believe Ms. McCracken could not safely operate a motor vehicle. The Director appeals.

Our review is de novo. "Whether the Director's determination of good cause had

State law contemplates and authorizes such reports notwithstanding any physician-patient privilege. See §§ 302.291.3 & .4 RSMo, as amended through 2011.

an adequate basis is a question of law." *Leaton v. Director of Revenue*, 187 S.W.3d 894, 896 (Mo.App. W.D.2006). We reverse.

Under case law and by statute, the Director may rely on a physician's report setting forth facts "from which a reasonable person could believe that [the Director] should exercise the discretion granted by section 302.291." *Leaton*, 187 S.W.3d at 896; *see also* § 302.291.3. "Under the statute, *as a matter of law*, good cause exists where the record contains a report from a law enforcement officer, physician or family member stating that the driver cannot safely operate a motor vehicle." *Leaton*, 187 S.W.3d at 897 (our emphasis).

*Leaton* supports the Director's claim of good cause for her action. We are offered no argument to the contrary.[2] Judgment reversed.

JEFFREY W. BATES, J., and DON E. BURRELL, C.J., concur.

**2.** Ms. McCracken did not file a brief on appeal. There is no penalty for this, but we do not benefit from any arguments she might have made.